IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SUSAN GAUNTT BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv910-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Susan Gauntt Brown applied for disability insurance benefits under Title II

of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq,* and supplemental security

income under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.*  Her applications were denied

at the initial administrative level.  Plaintiff then requested and received a hearing before an

Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued a decision in which

he found Plaintiff not disabled from the alleged onset date of August 25, 2006, through the

date of the decision.  Tr. 23.  The Appeals Council rejected Plaintiff's request for review of

the ALJ's decision.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131

(11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).

---

[1]     Pursuant to the Social Security Independence and Program Improvements Act of
1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human
Services with respect to Social Security matters were transferred to the Commissioner of Social
Security.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

[2]    A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3]        *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]        *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-nine years old at the time of the hearing before the ALJ.  Tr. 27.

Plaintiff completed twelfth grade but did not get a diploma.  Tr. 28.  Plaintiff's past relevant

work experience was as a bag packer/catcher, label maker, off-bearer, retail sales clerk, and

supply clerk.  Tr. 22, 59-60.  Following the administrative hearing, and employing the five-

step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the

alleged onset date of August 25, 2006 (Step 1).  Tr. 16.  At Step 2, the ALJ found that

Plaintiff suffers from the "following severe combination of impairments: carpal tunnel

syndrome of the right hand and degenerative disc disease of the cervical spine.  The claimant

also has hypertension, rotator cuff tendinopathy, obesity and depression" which the ALJ

deemed "non-severe."  Tr. 16.  The ALJ then found that "[t]he claimant does not have an

impairment or combination of impairments that meets or medically equals one of the listed

impairments."  (Step 3) Tr. 16.  Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the residual functional capacity to perform light work . . .
> except that she can lift and/or carry no more than ten pounds in her left hand
> and no lifting or carrying in her right hand.  The claimant can stand for six
> hours and can walk for two hours in an eight-hour workday.  She can sit for six
> hours in an eight-hour workday. [She] can frequently push and/or pull with her
> left hand but none with her right hand.  She can occasionally climb ramps
> and/or stairs, balance, stoop, kneel, crouch and crawl, and is prohibited from
> climbing ladders, ropes or scaffolds.  The claimant can occasionally reach in
> all directions.  She can frequently handle, finger and feel with the left hand and
> none with the right hand.  She can occasionally work in extreme cold and
> frequently work in extreme heat, wetness, humidity, fumes, odors, dust, gases
> or poor ventilation.  She is restricted from work around vibrations that reach
> the right hand and is prohibited from work around hazards including
> unprotected heights or moving mechanical parts and is restricted from

commercial driving.

Tr. 17.  The ALJ then found that Plaintiff is "able to perform her past relevant work as a label maker and off-bearer" (Step 4).  Tr. 21.  While this finding ordinarily concludes the ALJ's inquiry, "to give the claimant the benefit of the doubt," the ALJ proceeded to find that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that Plaintiff can perform" (Step 5).  Tr. 22.  The ALJ found that such occupations include: "greeter/hostess," and "security monitor."  Tr. 23.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from August 25, 2006, through the date of this decision."  Tr. 23.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff raises four issues for the Court's review: (1) "Whether the record is complete. Records from a treating source within the first 12 months of disability do not appear in the record."; (2) "Whether the ALJ erred in failing to find a threshold period of disability lasting at least 12 months."; (3) "Whether the ALJ erred in relying on a consultative opinion for the entire period at issue, and in so doing, rejecting expert medical opinion."; and (4) "Whether the ALJ's residual functional capacity findings are based on substantial evidence."  Pl.'s Brief (Doc. #12) at 4-5.  The Court will address each of Plaintiff's claims in turn.

## V.    DISCUSSION

### A.    Whether the Record is Complete.

6

In her Brief (Doc. #12) Plaintiff first asserts that the "record is incomplete and inadequate for review" because certain treatment notes from a pain management specialist which were before the ALJ were not included in the administrative transcript filed with the Court. *Id.* at 9. In light of the absence of these records, the Court entered an Order (Doc. #16) which required the Commissioner to supplement the record so that the Court can undertake its mandated review. On September 30, 2010, the Commissioner filed the Supplemental Record (Doc. #18) with the Court. As the records described by Plaintiff are included in the Supplemental Record and Plaintiff has made no additional argument about the completeness of the record in light of the filing of the Supplemental Record, the Court finds that the record is now sufficiently complete to permit review.

**B.     The ALJ's finding of no period of disability lasting twelve months.**

Plaintiff contends "the ALJ erred in failing to find a threshold period of disability lasting at least 12 months." Pl.'s Brief (Doc. #12) at 4. In support, Plaintiff generally reviews the evidence of her impairments beginning with the crush injury sustained on July 7, 2005, and continuing to and through the alleged onset date of August 25, 2006, up to medical records from February, 2008. For Plaintiff, these records "do[] not support the ALJ's residual functional capacity findings or the ultimate finding that [Plaintiff] could return to her past work at any time during the first 12 months of alleged disability, and does indicate that [Plaintiff] had a combination of impairments that prevented sustained work for a threshold period of at least 12 months, meeting the criteria for disability." Pl.'s Brief (Doc.

#12) at 11.  Defendant maintains that the ALJ's decision that Plaintiff is not disabled, as well as his findings of Plaintiff's RFC, are supported by substantial evidence, as "the record evidence did not establish that Plaintiff's impairments caused disabling functional limitations for any consecutive 12- month period during the time period relevant to this case."  Def.'s Brief (Doc. #13-1) at 10.

        The Court construes this claim as a challenge to the ALJ's ultimate finding that Plaintiff was not disabled for any twelve-month period between the onset date of August 25, 2006, and the date of the ALJ's decision.  Although Plaintiff cites to numerous medical records evidencing various diagnoses and treatments related to her crush injury and subsequent injuries, *see* Pl.'s Brief (Doc. #12) at 6-8, most of these documents concern the time period during which she was actually still working in her former job, prior to the alleged onset date.  Moreover, none of these records, or the records generated after the alleged onset date, evidence any disabling limitation to Plaintiff's functional abilities, as set forth by the ALJ.  It is also noteworthy that Plaintiff received unemployment compensation until March of 2007, thus indicating her ability and willingness to work (Tr. 307), and received only sporadic treatment for any of her alleged impairments during the time between her onset date and the date of the ALJ's decision.  Finally, there was substantial evidence before the ALJ that Plaintiff's impairments were not disabling.  This evidence included, *inter alia*, the consultative examination of Dr. Colley (Tr. 298-305), the consultative examination of Dr. Golomb (Tr. 306-311), the Medical Source Opinion (Physical) which Dr. Golomb relied

upon in rendering his opinion (Tr. 312-315), and evidence that Plaintiff is a "possible malingerer" (Tr. 305), and tends to "embellish" and "overexaggerate" her complaints (Tr. 309).[5]  Accordingly, to the extent that Plaintiff challenges the evidentiary basis for the ALJ's finding that Plaintiff was not disabled for any twelve month duration from the onset date of August 25, 2006, through the date of the ALJ's decision, Plaintiff's claim is without merit.

## C.     The ALJ's reliance on Consultative Examiner's Opinion.

Plaintiff claims that the ALJ erred in "utilizing Dr. Golomb's opinion for the entire period at issue and erred in extrapolating his findings back over the entire period."  Pl.'s Brief (Doc. #12) at 12.  Plaintiff asserts that "the evidence of record suggests different conclusions for at least a 12 month period from onset prior to" Dr. Golomb's examination. *Id.*  Plaintiff then contends that the testimony of the medical expert, Dr. Johns, at the hearing before the ALJ supports Plaintiff's claim of disability and illustrates the error of the ALJ's purported exclusive reliance on Dr. Golomb.  *Id.* at 12-13.  Defendant maintains that it is the ALJ's duty to resolve any conflict in the record evidence, and that, in this case, the ALJ's decision in resolving such conflicts is supported by substantial evidence.  Def.'s Brief (Doc. #13) at 12-13.  Defendant also asserts that, to the extent Dr. Johns may have opined that Plaintiff's right-hand pain was disabling, he was testifying as to a matter completely within the purview of the ALJ and, hence, such testimony was not entitled to deference by the ALJ. *Id.*

---

[5]      Both Drs. Colley and Golomb reviewed additional medical records as part of their consultative examinations.  Tr. 298, 310.

As the Court discussed above, there is substantial evidence supporting the ALJ's conclusion that Plaintiff was not disabled for any twelve month period during the relevant time period.  Plaintiff provides no evidence supporting her assertion that, "[e]ven if Dr. Golomb's findings and opinion were valid in every respect," Plaintiff's condition somehow would have been worse for some twelve month period between the onset date and the date of Dr. Golomb's examination.  This is especially so given the nature of Plaintiff's impairments and the symptoms about which she complains.

To the extent Plaintiff faults the ALJ for not giving controlling weight to Dr. Johns's testimony, such argument is unavailing.  At the hearing, Dr. Johns first testified, in pertinent part, about Plaintiff's "bilateral hand pain," carpal tunnel syndrome, degenerative disc disease, rotator cuff injury, obesity, and complaint of hypertension.  Tr. 51.  Dr. Johns then testified that the "longitude on the record here is not too good as it relates to her carpal tunnel syndrome and her problem with her crush injury."  Tr. 51.  In response to the ALJ's question "which of these impairments would have more than a minimal effect with respect to interfering with the ability to work," Dr. Johns replied as follows:

> Well, the thing that I see that is the most glaring here in terms of information is her right hand which was involved in the crush injury.  There's not a lot of longitudinal history here from physicians to come to any particular conclusion other than the fact that she does, in fact, still have pain in the hand, and that it is disabling.

Tr. 52.  Dr. Johns then testified that none of Plaintiff's impairments meet or equal a listing of impairment, Tr. 52, and later testified about Plaintiff's functional limitations related to her

right hand should she not be declared disabled.  Tr. 54 ("[s]he would not be able to use the right hand for any kind of fingering or what have you functions on the right side."). Importantly, the ALJ incorporated these limitations into his ultimate RFC findings.  Tr. 17. Dr. Johns did not examine Plaintiff and did not discuss any particular piece of evidence in the record supporting Plaintiff's contention of disabling pain.  Indeed, Dr. Johns complained of the generally lacking "longitude" of the record as it relates to Plaintiff's hand injuries.  Tr. 51.  To the extent Dr. Johns may have actually intended to opine that Plaintiff's right hand pain is disabling, despite his subsequent testimony about Plaintiff's functional limitations concerning her right hand, such opinion was conclusory, unsupported by objective evidence in the record, and was contrary to other objective medical evidence in the record, including the two consultative examinations conducted by Drs. Colley and Golomb.  Accordingly, the ALJ was justified in rejecting such testimony in favor of Dr. Golomb's opinion that Plaintiff can work (Tr. 311).  *See Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence.  Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding.") (citation omitted).  Plaintiff's claim to the contrary is without merit.

### D.    The ALJ's RFC findings.

Plaintiff's last claim attributes error to the ALJ's formulation of Plaintiff's RFC in several respects.  Without devoting considerable attention to any of the discrete areas in

11

which it is asserted that the ALJ erred, Plaintiff merely states the ALJ failed to "address pain level in his RFC," failed to account for the side effects of Plaintiff's medication, and failed to adequately consider Plaintiff's "'non-severe' impairments including obesity in his RFC findings." Pl.'s Brief (Doc. #12) at 13.

With respect to Plaintiff's pain, for the reasons given above, the ALJ's decision that Plaintiff's pain is not disabling is supported by substantial evidence.[6] To the extent Plaintiff faults the ALJ for failing to incorporate her pain into the RFC determination, such claim is without merit. The ALJ clearly accounted for Plaintiff's pain when he limited her to light work with no lifting or carrying with her right hand, no pushing or pulling with her right hand, no handling, fingering, and feeling with the right hand, and no work around vibrations which could reach her right hand. Tr. 17.

Plaintiff testified that she experiences drowsiness and dizziness when she takes her medications. Tr. 35-36. Dr. Johns further testified that possible side effects of some of Plaintiff's medications include "drowsiness." Tr. 54. The ALJ specifically addressed Plaintiff's and Dr. Johns's testimony, and found that "there is no medical evidence including histories and observations that the medications caused the claimant to actually experience these side effects. For this reason, . . . I find that the claimant's testimony regarding side effects is not credible. However, the potentiality of these side effects has been incorporated

---

[6]    The Court notes that, in seemingly only challenging the ALJ's failures to adopt Dr. Johns' purported opinion that Plaintiff's pain is disabling and to incorporate Plaintiff's pain into the RFC, Plaintiff has not raised any challenge to the ALJ's determination that Plaintiff's subjective testimony about her pain is less than fully credible.

12

into the residual functional capacity." Tr. 21.  Again, Plaintiff does not challenge the ALJ's credibility determination with respect to Plaintiff's testimony about side effects.  Rather, she only challenges whether the ALJ failed to incorporate her side effects into the RFC.  The ALJ expressly states that he did incorporate them into the RFC.  Indeed, in the RFC, the ALJ precluded Plaintiff from "work around hazards including unprotected heights or moving mechanical parts and is restricted from commercial driving."  Tr. 17.  The Court finds that, given Plaintiff's own representations about her activities (including going to the movies, "occasionally" going to clubs, and driving - Tr. 308, 310) and other evidence that Plaintiff is a malingerer and tends to exaggerate her symptoms, the ALJ adequately accounted for the potential that Plaintiff may become drowsy due to her medication by limiting her from driving and working in hazardous conditions.  Accordingly, this claim is without merit.

Plaintiff also claims the ALJ did not adequately consider her obesity in formulating the RFC.  Plaintiff does not assert that any particular portion of the RFC fails to account for her obesity.  The ALJ found that Plaintiff's obesity is a non-severe impairment.  Tr. 16.  In so finding, the ALJ had before him evidence that Plaintiff "walked with a fluid, brisk, bouncing, well-coordinated gait . . . [s]he could walk on her heels and toes and squat fully, with ease, and arise with ease quickly and without any support" (Tr. 309), that she was "very strong" in all of her relevant muscle groups (Tr. 310), and that she did not use an assistive device (Tr. 310).  Moreover, the Physical (Tr. 312-314) did not attribute any particular limitation to Plaintiff due to her obesity and indicated that Plaintiff may stand and walk for

13

3.5 hours at a time and 7.5 hours total in a day, and may frequently climb, balance, stoop, kneel, crouch, and crawl.  Tr. 312-13.  Given this evidence, there was no reason apparent in the record for the ALJ to attribute any additional functional limitations owing to Plaintiff's obesity.  Nevertheless, in the RFC, the ALJ limited Plaintiff's standing and walking to durations less than what was reflected in the Physical, as well as limited Plaintiff to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  Tr. 17.  There is no requirement that obesity always be considered a severe impairment.  Nor is there any requirement that the ALJ cite to SSR 02-1p in his opinion, as Plaintiff faults him for failing to do.  Pl.'s Brief (Doc. #12) at 14.  The Court finds that the ALJ adequately considered Plaintiff's non-severe impairment of obesity in rendering Plaintiff's RFC.

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is supported by substantial evidence and is, therefore, AFFIRMED.  A separate judgment will issue.

DONE this 10th day of March, 2010.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

14